UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – AKRON

| | | |
|---|---|---|
| **KAREN LIPPS,** | : | Case No. |
| 1729 SR 3 | : | |
| Sunbury, Ohio 43074 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **NORTHERN FROZEN FOODS,** | : | **JURY DEMAND ENDORSED HEREON** |
| **INC.,** | : | |
| c/o Peter J. Bartula | : | |
| 3416 Windham Circle | : | |
| Cuyahoga Falls, Ohio 44223 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Karen Lipps (hereafter "Plaintiff"), by and through undersigned counsel, and files her Complaint against Defendant Northern Frozen Foods, Inc. (hereafter "Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Delaware County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(f), the Americans with Disabilities Act, 42 U.S.C. § 12111(4),), and Ohio Title 4112.

2. Defendant is an Ohio corporation with its principal place of business in Cuyahoga Falls, Ohio. At all times alleged herein, Defendant was Plaintiff's employer as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, 42 U.S.C. § 12111(5), and Ohio Title 4112.

1

**JURISDICTION AND VENUE**

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331, 42 U.S.C. §2000e and 42 U.S.C. § 12101 *et seq.*. Supplemental jurisdiction over Plaintiff's state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Northern District of Ohio Eastern Division because Defendant's principal place of business in Summit County, Cuyahoga Falls, Ohio.

5. Plaintiff satisfied all pre-requisites for filing this lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the EEOC Notice is attached hereto as Exhibit A.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates the allegations in the preceding paragraphs as if fully rewritten herein.

7. Defendant is a foodservice distributor in custom cut meats, seafood, and produce.

8. Defendant operates in five states, including Ohio.

9. Plaintiff suffers from a disability that affects her digestion, causes severe stomach issues, and for which surgery was required throughout her employment with Defendant.

10. Plaintiff worked for Defendant since 2019. Most recently, Plaintiff was a Regional Business Development Manager for the Columbus region.

11. Plaintiff was the only female manager in the sales department of the company.

12. Plaintiff's supervisor was Adam Hoffman, Regional Sales Manager. Hoffman is a male and upon information and belief, is not disabled.

13. Hoffman reported to J. Harry Moore ("JHM"), Vice President of Territory Sales. JHM is a male and upon information and belief, is not disabled.

14. As a Regional Business Development Manager, Plaintiff established and maintained relationships with customers in the Columbus area and oversaw the sales staff.

15. In May 2024, Defendant restructured the management positions within the company and promoted Plaintiff to her most recent job title, Regional Business Development Manager.

16. Plaintiff was assigned the Columbus, Dayton, and Cincinnati territories.

17. The promotion did not come with a raise despite the increased job responsibilities.

18. At the same time, two of Plaintiff's male coworkers were given promotions to Beverage and Chemical Manager and Center of Plate Specialist. Those males' promotions were announced in the company newsletter, but Plaintiff's promotion was not. The males' job duties were also reduced while Plaintiff's were increased.

19. In September 2024, Plaintiff's male coworker was promoted to Regional National Account Manager, and his promotion was announced in the company newsletter. Again, this male's job duties were reduced.

20. Further, after the May 2024 restructuring, the Columbus region did not have a District Sales Manager and Plaintiff performed those job duties in addition to her job duties as a Regional Business Development Manager.

21. In August 2024, Plaintiff's disability worsened and she saw her physician. Plaintiff's physician restricted Plaintiff from driving long distances frequently.

22. Plaintiff communicated her physician's restrictions to Hoffman and JHM the same day and requested to drive less frequently throughout her territory while still maintaining client relationships via phone, video, and email.

23. Although Hoffman and JHM allowed Plaintiff to drive less frequently, they treated her differently than her male colleagues that were nondisabled and able to drive frequently.

24. For example, in mid 2023, a customer in the Columbus region switched a meat product to a lower quality product which reduced the sales for this customer. This was not Plaintiff's customer, but one of her nondisabled male colleagues.

25. Plaintiff had no oversight over this customer in the Columbus region.

26. Defendant blamed Plaintiff for the sales decrease and did not blame her male colleague.

27. Defendant did not perform an annual performance evaluation for Plaintiff in 2024.

28. Plaintiff emailed JHM her goals for the 2025 year in March 2025. Employees' goals were generally discussed during the annual performance evaluations. Plaintiff's goals included formally becoming the Columbus District Sales Manager since she was already performing many of the job duties for this position since May 2024.

29. The District Sales Manager position was considered a promotion.

30. Shortly after Plaintiff emailed JHM her 2025 goals, Hoffman and JHM began recruiting a male candidate for the Columbus District Sales Manager position.

31. Hoffman informed Plaintiff that she should not interfere with hiring for this position and the candidate's probable start date was September 2025.

32. On August 7, 2025, JHM terminated Plaintiff and informed her that her position was eliminated.

33. Moore previously informed Plaintiff that if Defendant needed to fire someone, the company would say the position was "eliminated" and not replace the employee for six months so Defendant could avoid any liability for the termination.

34. Defendant previously terminated at least one employee in a similar manner and allegedly "eliminated" the employee's position.

35. However, instead of truly eliminating the employee's position, Defendant renamed the position and kept the job duties the same.

36. Defendant continues to recruit males for management positions in the Columbus and Cincinnati territories, including the District Sales Manager position and the Account Development Manager. Defendant has recruited for these positions using different job titles, despite the job duties are the same.

37. Defendant also treated Plaintiff differently than the other male managers. For example, when Defendant hosted company events that required travel and spouses were present, Defendant refused to place Plaintiff's hotel reservations in her name. Rather, Plaintiff's hotel reservations were placed in her husband's name, who was not an employee of Defendant. All other male managers had their reservations placed in their own names, instead of their spouses.

38. Further, JHM routinely referred to Plaintiff as a "good girl" when he praised her for performing her job well.

39. Plaintiff routinely received good performance reviews and had no disciplinary history throughout her tenure with Defendant.

## COUNT I – DISABILITY DISCRIMINATION
### ADA & Ohio Title 4112

40. Plaintiff incorporates all allegations set forth in the preceding paragraphs as if fully rewritten herein.

41. The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112 and Ohio Title 4112.

42. Plaintiff is disabled as defined by the ADA and Ohio Title 4112.

43. Plaintiff was qualified with or without reasonable accommodation to perform the essential functions of her job.

44. By terminating and treating Plaintiff differently than her non-disabled coworkers, Defendant discriminated against Plaintiff on the basis of her disability.

45. Defendant's discriminatory actions were motivated by discriminatory animus toward Plaintiff's disability.

46. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

47. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

### COUNT III – SEX DISCRIMINATION
### Title VII & Ohio Title 4112

48. Plaintiff hereby incorporates all allegations set forth in the preceding paragraphs as if fully rewritten herein.

49. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

50. Plaintiff is a member of a protected class, female, and was qualified for the position.

51. Defendant terminated and failed to promote Plaintiff for pre-textual reasons because of her gender, all in violation of 42 USC § 2000(e) and Ohio Title 4112.

52. By treating Plaintiff differently and otherwise discriminating against her on the

basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio Title 4112.

53. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Karen Lipps prays that this Court award a judgment against Defendant Northern Frozen Foods, Inc. on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:   (614) 232-8692
Facsimile:    (614) 469-7170
Email: Erica@ksrlegal.com
           ASalvino@ksrlegal.com
*Counsel for Plaintiff*

**JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

    Respectfully submitted,

    KEMP, SCHAEFFER & ROWE CO., L.PA.

    /s/Erica Ann Probst
    Erica Ann Probst (0073486)
    Andrea L. Salvino (0097768)
    88 West Mound Street
    Columbus, Ohio 43215
    Telephone: (614) 232-8692
    Facsimile: (614) 469-7170
    Email: Erica@ksrlegal.com
           ASalvino@ksrlegal.com
    *Counsel for Plaintiff*